IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHAUNCY JARRELL WILLIAMS | § | |
| | § | |
| V. | § | A-22-CV-345-RP |
| | § | |
| THE STATE OF TEXAS | § | |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Relief under 28 U.S.C. § 2241 (Document 1). For the reasons set forth below, Petitioner's petition for writ of habeas corpus is dismissed.

**I. Background**

Petitioner is currently confined in the Travis County Correctional Complex. He challenges three state court criminal cases: D-1-DC-20-200941, D-1-DC-20-200940, and D-1-DC-20-203363. He requests a new trial and $5 million in damages, specifically "federal reserve notes for pain and suffering, loss of employment opportunities, loss of stability." He executed his petition on March 30, 2022.

In Cause No. D-1-DC-20-203363, Petitioner was convicted of assault family violence causing bodily injury. A jury assessed his punishment at 365 days in the Travis County Jail and a $4,000 fine, with a recommendation that the sentence be suspended. The district court rendered judgment on the jury's verdict and suspended Petitioner's sentence for twelve months. The Third Court of Appeals affirmed Petitioner's conviction and sentence on July 23, 2019, and denied his motion for rehearing on October 4, 2019. *Williams v. State*, No. 03-17-00764-CR, 2019 WL 3294583 (Tex.

App. – Austin July 23, 2019, no pet.). On April 5, 2022, the state court discharged Petitioner from his term of probation.

In Cause No. D-1-DC-20-200940, Petitioner was charged with two counts aggravated assault with a deadly weapon for on offense committed on February 8, 2020. On April 5, 2022, Petitioner was sentenced to three years deferred adjudication on one count and the other count was waived.

In Cause No. D-1-DC-20-200941, Petitioner was charged with tampering with or fabricating physical evidence with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding for an offense committed on February 8, 2020. The case was dismissed on April 5, 2022, because Petitioner was convicted in D-1-DC-20-200940.

## II. Discussion

A.   D-1-DC-20-203363

To the extent Petitioner challenges his conviction in Cause No. D-1-DC-20-203363 his petition falls under 28 U.S.C. § 2254. At the time Petitioner filed his petition, Petitioner had already been convicted in Cause No. D-1-DC-20-203363.

A fundamental prerequisite to federal *habeas corpus* relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Section 2254(b) provides:

> (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
>    (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)   (i) there is an absence of available State corrective process; or

>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

The exhaustion requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). A petition under Section 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

In the present case, Petitioner did not file petition for discretionary review after his conviction in Cause No. D-1-DC-20-203363 was affirmed by the Third Court of Appeals. In addition, the Texas Court of Criminal Appeals has not reviewed any state application for habeas corpus relief with regard to Petitioner's conviction. Accordingly, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Petitioner fails to allege any circumstances which would allow the court to excuse the exhaustion requirement. Petitioner's petition challenging Cause No. D-1-DC-20-203363 is dismissed without prejudice for failure to exhaust his state court remedies.

### B. D-1-DC-20-200941

Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 challenging Cause No. D-1-DC-20-200941 is moot. The state court dismissed Cause No. D-1-DC-20-200941 after Petitioner was convicted in Cause No. D-1-DC-20-200940. Therefore, there is no conviction to challenge in Cause No. D-1-DC-20-200941.

### C. D-1-DC-20-200940

Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 challenging Cause No. D-1-DC-20-200940 is construed as a petition under 28 U.S.C. § 2254. At the time Petitioner executed his pretrial petition for writ of habeas corpus on March 30, 2022, he had not yet been convicted and sentenced in Cause No. D-1-DC-20-200940. Petitioner was convicted and sentenced six days later on April 5, 2022. Therefore, Petitioner's petition now falls under section 2254.

Petitioner failed to exhaust his state court remedies before filing a federal petition for writ of habeas corpus. Petitioner has not yet had the opportunity to appeal his conviction in Cause No. D-1-DC-20-200940 or file a state application for habeas corpus relief. Accordingly, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Petitioner fails to allege any circumstances which would allow the court to excuse the exhaustion requirement. Therefore, Petitioner's petition challenging his conviction in Cause No. D-1-DC-20-200940 is dismissed without prejudice for failure to exhaust state court remedies.

### D. Damages

To the extent Petitioner seeks damages his request is dismissed without prejudice to filing a civil-rights complaint. A request for damages is an improper request in a habeas corpus petition.

If Petitioner wishes to sue for monetary relief, he may file a civil-rights complaint. Petitioner is warned he is required to pay a $402 filing fee for a civil-rights complaint or seek leave to proceed in forma pauperis. If Petitioner is granted leave to proceed in forma pauperis in a civil-rights case, the Court will order a $350 filing fee to be paid in installments from Petitioner's inmate trust fund account until the full $350 fee is paid.

### III.  Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on procedural grounds, the court will issue a certificate of appealability only when the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner fails to make this showing. Accordingly, the Court denies Petitioner a certificate of appealability.

It is therefore **ORDERED** that Petitioner's federal petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** as set forth in this order.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on April 13, 2022.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE